**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Amarillo Division**

**LUKE DONOGHUE and**
**RUTH DONOGHUE,**

        **Plaintiffs,**

**VS.**                                **Case No. _____**

**CITY OF FRITCH, TEXAS,**
**RICKEY WARD, CHRISTY WARD,**
**JOHN WOOLSEY, MELINDA GREEN,**
**SAMUEL WAGNER, CATHY**
**WAGNER, WILEY KLETE WAGNER,**
**and NANCY WAGNER,**

        **Defendants.**

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1.  Plaintiff LUKE DONOGHUE is an individual who is a citizen of the State of Texas.

2.  Plaintiff RUTH DONOGHUE is an individual who is a citizen of the State of Texas.

3.  Defendant CITY OF FRITCH, TEXAS (hereinafter "City of Fritch") a governmental organization of a state, may be served by delivering a copy of the complaint on the City Secretary, Jessica Grisham, 104 North Robey Avenue, Fritch, Texas  79036.

4.  Defendant Rickey Ward is an individual resident of the State of Texas who may be served with process at his residence address, 605 South Ridgeland, Fritch, Texas  79036.

5.  Defendant Christy Ward is an individual resident of the State of Texas who may be served with process at her residence address, 605 South Ridgeland, Fritch, Texas  79036.

6.  Defendant John Woolsey is an individual resident of the State of Texas who may be served with process at his residence address, 125 Buffalo Trail, Fritch, Texas  79036.

7.  Defendant Melinda Green is an individual resident of the State of Texas who may be served with process at her residence address, 125 Buffalo Trail, Fritch, Texas  79036.

8.  Defendant Samuel Wagner is an individual resident of the State of Texas who may be served with process at his residence address, 400 South Robey, Fritch, Texas  79036.

9.  Defendant Cathy Wagner is an individual resident of the State of Texas who may be served with process at his residence address, 400 South Robey, Fritch, Texas  79036.

10.  Defendant Wiley Klete Wagner is an individual resident of the State of Texas who may be served with process at his residence address, 202 North Ridgeland, Fritch, Texas 79036.

11.  Defendant Nancy Wagner is an individual resident of the State of Texas who may be served with process at her residence address, 202 North Ridgeland, Fritch, Texas  79036.

## B. Jurisdiction

12.  This Court has jurisdiction over the lawsuit because the suit against Defendant City of Fritch, Texas arises under 28 U.S.C. § 1983.  The Court has supplemental jurisdiction against the remaining Defendants pursuant to 28 U.S.C. 1367, because those claims so related to claims against the City of Fritch, Texas that they form part of the same case or controversy.

## C. Venue

13.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part

of the events or omissions giving rise to this claim occurred in this district.

### D. Conditions Precedent

14. All conditions precedent to jurisdiction have occurred or been complied with. Plaintiffs timely furnished written notice to Defendant City of Fritch, Texas, on or about September 24, 2012.

### E. Facts

15. On or about December 19 and 21, 2011, a group of minors burglarized Plaintiffs' residence in Fritch, Texas. A mysterious fire was also set after the burglaries. By February 2012, four minors were caught and confessed. The minors were Skyler Cole Ward (age 14), Casey Daniel Woolsey (age 15), Kyler James Wagner (age 14) and Doug Force Hansen (age 15). Evidence was gathered and a list of personal property stolen or destroyed was generated by the City of Fritch Police Department.

16. By May 2012, the "investigation" was closed by the City of Fritch Police Department. Despite Plaintiffs' demands, the responsible parties were not prosecuted. Fingerprint evidence was tainted and/or destroyed, and portions of the investigative case file, including photographs, were "lost." Numerous items that had been booked into evidence have never been returned to Plaintiffs.

17. Two of the perpetrators were related to Deputy Wagner of the Hutchinson County Sheriff's Department, who was a friend of then-City of Fritch Chief of Police Kirk Coker. Defendant City of Fritch, Texas intentionally tainted and/or destroyed evidence necessary to prosecute the criminals because of their familial connection to Deputy Wagner.

18. Chief Coker informed Plaintiff Ruth Donoghue that the fingerprint evidence was destroyed. Chief Coker also told Plaintiffs that the perpetrators were "just kids" and that he didn't want to "ruin the kids' lives" by prosecuting them.

### F. Liability against Defendant City of Fritch, Texas – Violation of 42 U.S.C. § 1983

19. City of Fritch's actions occurred "under color of law," and resulted in deprivation of Plaintiffs' constitutional and/or federal statutory rights.

20. City of Fritch's agents, servants and/or employees acted pursuant to their governmental duties and powers.

21. City of Fritch's conduct infringed on Plaintiffs' constitutional rights to the equal protection of the laws and the protection from deprivation of property without due process of law.

22. City of Fritch's conduct with respect to the failure to prosecute the perpetrators because of their relationship to Deputy Wagner and Chief Coker reflects Defendant's formally adopted policy or practices so permanent and well settled as to constitute a custom or usage with the force of law. City of Fritch had actual or constructive knowledge of the conduct of its agents, servants and/or employees and acquiesced in their unconstitutional conduct or practice.

23. City of Fritch further failed to train, supervise or discipline its agents, servants and/or employees in an area where there is an obvious need for training in order to avoid violations of the citizens' constitutional rights. Further, the actions at issue in this case are a part of a pattern of unconstitutional conduct so pervasive as to imply actual or constructional conduct

on the part of policy makers, whose deliberate indifference to the unconstitutional practice is evidenced by a failure to correct the situation once the need for training became obvious.

### G. Liability against Defendants Rickey Ward, Christy Ward, John Woolsey, Melinda Green, Sam Wagner, Kathy Wagner, and Wiley Klete Wagner

24.   Defendants Rickey Ward and Christy Ward are liable for the acts of their son Skyler Cole Ward under Texas Family Code Section 41.001 because Skyler Cole Ward's acts proximately caused Plaintiffs' property damage and at the time Skyler Cole Ward damaged Plaintiffs' property, Skyler Cole Ward was 14 years of age and acted willfully and maliciously, and Rickey Ward and Christy Ward had the duty of control and reasonable discipline of Skyler Cole Ward.

25.   Defendants John Woolsey and Melinda Green are liable for the acts of their son Casey Daniel Woolsey under Texas Family Code Section 41.001 because Casey Daniel Woolsey's acts proximately caused Plaintiffs' property damage and at the time Casey Daniel Woolsey damaged Plaintiffs' property, Casey Daniel Woolsey was 15 years of age and acted willfully and maliciously, and John Woolsey and Melinda Green had the duty of control and reasonable discipline of Casey Daniel Woolsey.

26.   Defendants Sam Wagner and Cathy Wagner are liable for the acts of their son Kyler James Wagner under Texas Family Code Section 41.001 because Kyler James Wagner's acts proximately caused Plaintiffs' property damage and at the time Kyler James Wagner damaged Plaintiffs' property, Kyler James Wagner was 14 years of age and acted willfully and maliciously, and Sam Wagner and Cathy Wagner had the duty of control and reasonable discipline of Kyler James Wagner.

27.  Defendant Wiley Klete Wagner and Nancy Wagner are liable for the acts of his son Doug Force Hansen under Texas Family Code Section 41.001 because Doug Force Hansen's acts proximately caused Plaintiffs' property damage and at the time Doug Force Hansen damaged Plaintiffs' property, Doug Force Hansen was 14 years of age and acted willfully and maliciously, and Wiley Klete Wagner and Nancy Wagner had the duty of control and reasonable discipline of Doug Force Hansen.

## H. Damages

28.  Plaintiffs sustained the following damages as a result of the action and/or omissions of Defendant described hereinabove:

    a.    actual damages for property destroyed or taken from Plaintiffs' residence by the minors;

    b.    actual damages for property taken into evidence that was lost and/or destroyed and/or failed to be returned to Plaintiffs;

    c.    general damages for Plaintiffs' mental anguish, in an amount to be determined by the trier of fact;

    d.    reasonable and necessary attorney's fees and costs incurred by or on behalf of Plaintiffs, pursuant to 42 U.S.C. § 1988(b).

## I. Prayer

For these reasons, Plaintiffs ask for judgment against Defendants, jointly and severally, for the following:

    a.    Actual damages in an amount to be determined by the trier of fact;

    b.    General damages for Plaintiffs' mental anguish, in an amount to be determined by the trier of fact;

    c.    Reasonable and necessary attorney's fees;

c.    Costs of suit;

d.    Prejudgment and post-judgment interest; and

e.    All other relief to which Plaintiffs may show themselves entitled, in law or in equity.

Respectfully submitted,

**THE WEBSTER LAW FIRM**

JASON C. WEBSTER
Texas Bar No. 24033318
HEIDI O. VICKNAIR
Texas Bar No. 24046557
6200 Savoy, Suite 515
Houston, Texas 77036
Tel: (713) 581-3900
Fax: (713) 581-3907

**The Warner Law Firm**
MICHAEL A. WARNER
State Bar No. 20872700
101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Tel: (806) 372-2595
Fax: (866) 397-9054
E-mail: mike@thewarnerlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**